02cv1991

5

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FORTIS CORPORATE INSURANCE )
(As Subrogee of TRADE ARBED, INC.), ) CASE NO.: 3:02CV1991 (CFD)
                                 )
           Plaintiff, )
                                 )
           v. )
                                 )
M/V LANGESUND, her engines, boilers, )
tackle, appurtenances, etc., in rem, )
LANGESUND, D.A., ATLANTIC ICE )
CARRIERS, B.V., LOGISTEC )
CONNECTICUT, INC., and LOGISTEC )
U.S.A., INC. in personam, )
                                 )
          Defendants. ) MARCH 11, 2003

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANTS LOGISTEC USA, INC. AND LOGISTEC CONNECTICUT, INC.

Defendants Logistec USA, Inc. and Logistec Connecticut, Inc. (collectively "Logistec") hereby

answer the plaintiff's Amended Verified Complaint dated November 18, 2002 as follows:

1.     Paragraph 1 pleads legal conclusions to which no response is required.

2.     Logistec lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 2, and therefore leaves plaintiff to its proof.

3.     Logistec admits so much of Paragraph 3 as alleges that Logistec USA, Inc. is a

domestic corporation organized under the laws of the State of Connecticut, but denies that Logistec

Connecticut, Inc. is or was at all times material hereto an extant corporation. Logistec further denies so much of Paragraph 3 as alleges that Logistec "[was] and now [is] engaged in business as a common carrier of merchandise by water for hire and/or was a warehouse or bailee with respect to the shipment which is the subject matter of this action," and further denies that it "either owned, chartered, managed, constituted or otherwise controlled the vessel as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, ports in the United States and foreign countries or was a bailee with respect to the shipment which is the subject matter of this action." Logistec affirmatively states that it was contracted to provide stevedoring services in connection with the subject shipment. As to the remaining allegations in Paragraph 3, Logistec lacks knowledge or information sufficient to form a belief as to their truth, and therefore leaves the plaintiff to its proof.

4.     Logistec admits so much of Paragraph 4 as alleges that the Vessel, M/V Langesund, was loaded with a cargo of steel wide flange beams, and sailed from the Port of Pasajes, Spain on or about November 27, 2001. Insofar as paragraph 4 refers to certain bills of lading and/or other documents concerning the carriage for the subject cargo, Logistec answers that these documents speak for themselves and plaintiff's descriptions of them require no further response. The remainder of the allegations contained in Paragraph 4, insofar as said allegations are directed to Logistec, are denied.

5.     Logistec admits so much of Paragraph 5 as alleges that the Vessel arrived at the Port

-2-

of New Haven, Connecticut some time after November 27, 2001, and further admits that the shipment was delivered and received there. Logistec denies the remainder of Paragraph 5, particularly insofar as it alleges or implies any liability on the part of Logistec and/or that Logistec caused any injury or impairment in value to said shipment.

6.    Logistec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore leaves plaintiff to its proof, except to deny said allegations insofar as they allege or imply any liability on the part of Logistec.

7.    Logistec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore leaves plaintiff to its proof.

8.    Logistec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore leaves plaintiff to its proof, except to deny said allegations insofar as they allege or imply any liability on the part of Logistec.


**First Cause of Action – Breach of Contract and of Duties Under COGSA**
**(Against All Defendants)**

9.    Logistec hereby repeats and incorporates by reference its responses to paragraphs 1 through 8 above and makes them Logistec's responses to Paragraph 9 as if set forth fully herein.

10.    Denies the allegations contained in Paragraph 10.

11.    Logistec denies so much of Paragraph 11 as alleges that the subject shipment was

-3-

damaged due to any acts or omissions on the part of Logistec . As to the remaining allegations of Paragraph 11, Logistec lacks knowledge or information sufficient to form a belief as to their truth, and therefore leaves plaintiff to its proof.

12.     Logistec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore leaves plaintiff to its proof.

13.     Denies the allegations contained in paragraph 13.

**Second Cause of Action – Common Law Negligence and**
**Breach of Bailment Obligations (Against All Defendants)**

14.     Logistec hereby repeats and incorporates by reference its responses to Paragraphs 1 through 13 above and makes them Logistec's response to Paragraph 14 as if set forth fully herein.

15.     As to Paragraph 15, the allegations concerning bailees and bailment obligations constitute legal conclusions  to which no response is required.  Logistec denies the allegations contained in Paragraph 15 insofar as they allege or imply any liability on the part of Logistec.

16.     Logistec denies so much of Paragraph 16 as alleges that the subject shipment was damaged due to any acts or omissions on the part of Logistec . As to the remaining allegations of Paragraph 16, Logistec lacks knowledge or information sufficient to form a belief as to their truth, and therefore leaves plaintiff to its proof.

17.     Logistec lacks knowledge or information sufficient to form a belief as to the truth of

-4-

the allegations contained in Paragraph 17, and therefore leaves plaintiff to its proof.

18.    Denies the allegations contained in Paragraph 18.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Count One)

Plaintiff's claim is barred insofar as plaintiff failed to provide due and proper notice of claimed loss or damage pursuant to COGSA, 46 U.S.C. § 1303(6).

### Second Affirmative Defense (Count One)

The damages sought by the plaintiff are limited or excluded by the applicable bills of lading which constitute prima facie evidence of receipt of carrier of goods as therein prescribed.

### Third Affirmative Defense (Count One)

The damages sought by the plaintiff are limited to those amounts set forth under COGSA, 46 U.S.C. §1304(5), the "Himalaya Clause."

### Fourth Affirmative Defense (Count One)

The damages sought by the plaintiff are limited or excluded by the operative contract entered

-5-

into by the plaintiff with respect to the subject shipment.

### Fifth Affirmative Defense (Count One)

The plaintiff has failed to comply with its obligations under the operative contract entered into by the plaintiff with respect to the subject shipment.

### Sixth Affirmative Defense (Count One)

The plaintiff has failed to mitigate its damages.

### Seventh Affirmative Defense (Count One)

Any claims brought by plaintiff under the operative contract entered into by the plaintiff with respect to the subject shipment have been waived.

### Eighth Affirmative Defense (Count Two)

Any damages or losses suffered by plaintiff have been caused in whole or in part by its own negligence.

**Ninth Affirmative Defense (Count Two)**

Any losses or damages suffered by the plaintiff have been caused in whole or in part by the

negligence, carelessness and/or breach of the duties and obligations of the Vessel, carrier and/or their

agents or servants.

ATTORNEYS FOR THE DEFENDANTS,
LOGISTEC USA, INC. AND
LOGISTEC CONNECTICUT, INC.


By_____
S. Peter Sachner (ct13421)
TYLER COOPER & ALCORN, LLP
205 Church Street, P.O. Box 1936
New Haven, Connecticut 06509-1910
Telephone: (203) 784-8200
Facsimile:  (203) 789-8069
E-Mail:     sachner@tylercooper.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid to all counsel and pro se parties of record as follows on this 11th day of March, 2003:

Frederick A. Lovejoy, Esquire
Lovejoy & Associates
3695 Post Road
Southport, Connecticut 06890

Patrick F. Lennon, Esquire
Tisdale & Lennon
10 Spruce Street
Southport, Connecticut 06890

Atlantic Ice Carriers, B.V.
Spui 14
3116 (ED) Rhoon
Netherlands

Langesund, D.A.
c/o Mikkal Myklebusthaugh Rederi
5953 Fonnes
Norway

_____
Attorney

-8-



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X

FORTIS CORPORATE INSURANCE
(as subrogee of TRADE ARBED, INC.),

                        Plaintiff,                    3:02CV1991 (CFD)

    -against-

M/V LANGESUND, her engines, boilers, tackle,
Appurtenances, etc. in rem, LANGESUND, D.A.,
ATLANTIC ICE CARRIERS, B.V., LOGISTEC         March 31, 2003
CONNECTICUT, INC., and LOGISTEC USA, INC.
in personam,

                       Defendants.

------------------------------------------------------------X

## ANSWER WITH CROSS-CLAIMS

      Defendant Langesund, D.A., by its attorneys, Tisdale & Lennon, LLC, as and for its

Answer to the Amended Verified Complaint, alleges upon information and belief as follows:

      1.      Admits the information contained in the first paragraph of the Verified

Complaint.

      2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in the second paragraph of the Amended Verified Complaint.

      3.      Admits that Langesund, D.A. was and now is a foreign corporation or other

entity organized and existing by virtue of the laws of a foreign country and was and now is

engaged in business as a carrier of merchandise by water for hire and owned the Vessel, and

except as so admitted, denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in the third paragraph of the Amended Verified Complaint.

4.      Admits that on or about November 27, 2001 at the Port of Pasajes, Spain, there was delivered to the Vessel a shipment of steel wide flange beams that were accepted for shipment in consideration of certain agreed freight charges thereupon paid or agreed to be paid and that said shipment was to be transported and carried to the Port of New Haven for delivery and, except as so admitted, denies the remainder of the allegations contained in the fourth paragraph of the Amended Verified Complaint.

5.      Admits that thereafter, the Vessel arrived at the Port of New Haven and delivery was made of the shipment of steel wide flange beams and, except as so admitted, denies the remainder of the allegations contained in the fifth paragraph of the Amended Verified Complaint.

6.      Denies knowledge of information sufficient to form a belief as to the allegations contained in the sixth paragraph of the Amended Verified Complaint.

7.      Denies the allegations contained in the seventh paragraph of the Amended Verified Complaint.

8.      Denies the allegations contained in the eighth paragraph of the Amended Verified Complaint.

## FIRST CAUSE OF ACTION

9.      Defendant Langesund incorporates its allegations set forth in paragraphs 1 through 8 above as if set forth at length herein in its answer to the allegations of the First Cause of Action.

10.      Denies the allegations contained in the tenth paragraph of the Amended Verified Complaint.

2

11.    Denies knowledge of information sufficient to form a belief as to the allegations contained in the eleventh paragraph of the Amended Verified Complaint.

12.    Denies the allegations contained in the twelfth paragraph of the Amended Verified Complaint.

13.    Denies the allegations contained in the thirteenth paragraph of the Amended Verified Complaint.

SECOND CAUSE OF ACTION

14.    Defendant Langesund incorporates its allegations set forth in paragraphs 1 through 13 above as if set forth at length herein in its answer to the allegations of the First Cause of Action.

15.    Denies the allegations contained in the fifteenth paragraph of the Amended Verified Complaint.

16.    Denies knowledge of information sufficient to form a belief as to the allegations contained in the sixteenth paragraph of the Amended Verified Complaint.

17.    Denies the allegations contained in the seventeenth paragraph of the Amended Verified Complaint.

18.    Denies the allegations contained in the eighteenth paragraph of the Amended Verified Complaint.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

The Amended Verified Complaint fails to state a claim against Defendant on which relief can be granted.

3

### SECOND AFFIRMATIVE DEFENSE

If there was any loss and/or damage to cargo as alleged in the Amended Complaint it was occasioned by causes for which the Defendant is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Appx. section 1300, et seq.

### THIRD AFFIRMATIVE DEFENSE

If this Honorable Court finds that the Plaintiff has suffered damages to cargo for which Defendant is liable, said damages must be limited pursuant to 46 U.S.C. Appx. section 1304 (5).

### FOURTH AFFIRMATIVE DEFENSE

If there was any loss of and/or damage to cargo as alleged in the Amended Verified Complaint, Defendant is not liable to the Plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

### FIFTH AFFIRMATIVE DEFENSE

If there was any loss/and or damage to cargo as alleged in the Amended Verified Complaint, it was occasioned by causes for which the Defendant is exonerated under the Harter Act, Title 46 U.S.C. section 190, et seq.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Langesund puts Plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 46 U.S.C. Appx. section 1300 et seq.

### SEVENTH AFFIRMATIVE DEFENSE

Any loss or damage to the goods, as alleged in the Amended Verified Complaint, that may have occurred while they were in the possession of custody of Defendant Langesund or on

board the carrying vessel(s) arose from the conditions of the goods when delivered to
Defendants or from wastage in bulk weights or from inherent defect, quality or vice of the goods,
or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by
due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agents or
representatives, and Defendant Langesund is not under any liability for any such loss or damage.

## EIGHTH AFFIRMATIVE DEFENSE

Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they
were properly manned, equipped and supplied, and to make the holds and other parts of the
ships in which the goods were carried safe and fit for their reception, carriage and preservation
in accordance with the provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C.
Appx. section 1300 et seq. and the aforesaid bill(s) of lading. Accordingly, if the goods
sustained any loss or damage while they were on board the carrying vessel(s), due to any
unseaworthiness of the vessel(s), which is denied, Defendant Langesund is not under liability
therefore.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the statute of limitations contained in both the aforesaid
bill(s) of lading and the United States Carriage of Goods by Sea Act, 46 U.S.C. Appx. section
1300 et seq. and/or the equitable doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff, as alleged in the Amended Verified Complaint, were
proximately, directly, and solely caused by the negligent acts of third persons over whom
Defendant Langesund had and has no control.

5

## ELEVENTH AFFIRMATIVE DEFENSE

Any injuries that may have been sustained by Plaintiff, as alleged in its Amended Verified Complaint, occurred as a direct result of Plaintiffs' own negligent conduct, and not by any negligence of Defendant Langesund and as such Plaintiff is barred from recovery in this action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff herein has failed to mitigate its damages.

## THRITEENTH AFFIRMATIVE DEFENSE

The terms of the bill of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

### CROSS-CLAIM AGAINST CO-DEFENDANTS ATLANTIC ICE CARRIERS B.V., LOGISTEC CONNECTICUT, INC. and LOGISTEC USA, INC.

1.      This is a claim under the Court's admiralty and maritime Jurisdiction, and under the Court's diversity and pendent jurisdiction.

2.      At all relevant times Atlantic Ice Carriers B.V. and Logistec Connecticut, Inc. and Logistec USA, Inc. were and are a corporations duly organized and existing pursuant to law.

3.      Defendant Langesund D.A. is a corporation or other entity organized and existing under the laws of a foreign country.

4.      If Plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of co-defendants Atlantic Ice Carriers B.V., Logistec Connecticut, Inc. or Logistec USA, Inc.

5.     That if Defendant Langesund, D.A. is found responsible for any of the loss and/or damage alleged by Plaintiff herein, it is entitled to indemnification and/or contribution in whole or in part from the co-defendants Atlantic Ice Carriers B.V., Logistec Connecticut, Inc. and Logistec USA, Inc. for said losses and/or damage including costs and reasonable counsel fees.

WHEREFORE, Defendant Langesund, D.A. demands judgment dismissing the Amended Verified Complaint herein, along with costs, fees, including reasonable attorneys' fees and disbursements of this action, and further demands judgment against co-defendants Atlantic Ice Carriers B.V. Logistec Connecticut, Inc. and Logistec USA, Inc. for all sums which may be recovered by Plaintiff against Defendant Langesund, D.A., including costs, disbursements and legal fees incurred in defending this action and for such other, further and different relief as the Court may deem just and proper.

Dated:        March 31, 2003
              Southport, Connecticut

                              The Defendant,
                              LANGESUND, D.A.

                              By: _____
                              Patrick F. Lennon (PL-2162)
                              TISDALE & LENNON, LLC
                              10 Spruce Street
                              Southport, CT 06890
                              (203) 254-8474
                              (203) 254-1641 fax
                              plennon@tisdale-lennon.com

7

## AFFIRMATION OF SERVICE

Patrick F. Lennon, an attorney duly admitted to practice before this Honorable Court,

affirms that on this 31st day of March 2003, I served a copy of the foregoing ANSWER AND

CROSS-CLAIM by first class United States Mail, postage pre-paid, upon the following:

Frederick A. Lovejoy
Lovejoy & Associates
3695 Post Road
Southport, CT 06890

S. Peter Sachner
Tyler, Cooper & Alcorn
205 Church Street,
P.O. Box 1936
New Haven, CT 06509-1910

Patrick F. Lennon



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------X

FORTIS CORPORATE INSURANCE
(as subrogee of TRADE ARBED, INC.),

                      Plaintiff,                      3:02CV1991 (CFD)

    -against-

M/V LANGESUND, her engines, boilers, tackle,
Appurtenances, etc. in rem, LANGESUND, D.A.,
ATLANTIC ICE CARRIERS, B.V., LOGISTEC               October 8, 2003
CONNECTICUT, INC., and LOGISTEC USA, INC.
in personam,

                     Defendants.
-------------------------------------------------------------------X

## ANSWER WITH CROSS-CLAIMS

       Defendant Atlantic Ice Carriers, B.V. by its attorneys, Tisdale & Lennon, LLC, as and

for its Answer to the Amended Verified Complaint, alleges upon information and belief as

follows:

       1.      Admits the information contained in the first paragraph of the Verified

Complaint.

       2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in the second paragraph of the Amended Verified Complaint.

       3.      Admits that Atlantic Ice Carriers, B.V. ("AIC") was and now is a foreign

corporation or other entity organized and existing by virtue of the laws of a foreign country and

was and now is engaged in business as a carrier of merchandise by water for hire and was the

disponent owner of the Vessel, and except as so admitted, denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in the third paragraph of the Amended Verified Complaint.

4.    Admits that on or about November 27, 2001 at the Port of Pasajes, Spain, there was delivered to the Vessel a shipment of steel wide flange beams that were accepted for shipment in consideration of certain agreed freight charges thereupon paid or agreed to be paid and that said shipment was to be transported and carried to the Port of New Haven for delivery and, except as so admitted, denies the remainder of the allegations contained in the fourth paragraph of the Amended Verified Complaint.

5.    Admits that thereafter, the Vessel arrived at the Port of New Haven and delivery was made of the shipment of steel wide flange beams and, except as so admitted, denies the remainder of the allegations contained in the fifth paragraph of the Amended Verified Complaint.

6.    Denies knowledge of information sufficient to form a belief as to the allegations contained in the sixth paragraph of the Amended Verified Complaint.

7.    Denies the allegations contained in the seventh paragraph of the Amended Verified Complaint.

8.    Denies the allegations contained in the eighth paragraph of the Amended Verified Complaint.

<u>FIRST CAUSE OF ACTION</u>

9.    Defendant Langesund incorporates its allegations set forth in paragraphs 1 through 8 above as if set forth at length herein in its answer to the allegations of the First Cause of Action.

2

10. Denies the allegations contained in the tenth paragraph of the Amended Verified Complaint.

11. Denies knowledge of information sufficient to form a belief as to the allegations contained in the eleventh paragraph of the Amended Verified Complaint.

12. Denies the allegations contained in the twelfth paragraph of the Amended Verified Complaint.

13. Denies the allegations contained in the thirteenth paragraph of the Amended Verified Complaint.

## SECOND CAUSE OF ACTION

14. Defendant Langesund incorporates its allegations set forth in paragraphs 1 through 13 above as if set forth at length herein in its answer to the allegations of the First Cause of Action.

15. Denies the allegations contained in the fifteenth paragraph of the Amended Verified Complaint.

16. Denies knowledge of information sufficient to form a belief as to the allegations contained in the sixteenth paragraph of the Amended Verified Complaint.

17. Denies the allegations contained in the seventeenth paragraph of the Amended Verified Complaint.

18. Denies the allegations contained in the eighteenth paragraph of the Amended Verified Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Amended Verified Complaint fails to state a claim against Defendant on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

If there was any loss and/or damage to cargo as alleged in the Amended Complaint it was occasioned by causes for which the Defendant is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Appx. section 1300, et seq.

## THIRD AFFIRMATIVE DEFENSE

If this Honorable Court finds that the Plaintiff has suffered damages to cargo for which Defendant is liable, said damages must be limited pursuant to 46 U.S.C. Appx. section 1304 (5).

## FOURTH AFFIRMATIVE DEFENSE

If there was any loss of and/or damage to cargo as alleged in the Amended Verified Complaint, Defendant is not liable to the Plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

## FIFTH AFFIRMATIVE DEFENSE

If there was any loss/and or damage to cargo as alleged in the Amended Verified Complaint, it was occasioned by causes for which the Defendant is exonerated under the Harter Act, Title 46 U.S.C. section 190, et seq.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Langesund puts Plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 46 U.S.C. Appx. section 1300 et seq.

## SEVENTH AFFIRMATIVE DEFENSE

Any loss or damage to the goods, as alleged in the Amended Verified Complaint, that may have occurred while they were in the possession of custody of Defendant Langesund or on board the carrying vessel(s) arose from the conditions of the goods when delivered to Defendants or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agents or representatives, and Defendant Langesund is not under any liability for any such loss or damage.

## EIGHTH AFFIRMATIVE DEFENSE

Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. Appx. section 1300 et seq. and the aforesaid bill(s) of lading.  Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessel(s), which is denied, Defendant Langesund is not under liability therefore.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the statute of limitations contained in both the aforesaid

bill(s) of lading and the United States Carriage of Goods by Sea Act, 46 U.S.C. Appx. section

1300 et seq. and/or the equitable doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff, as alleged in the Amended Verified Complaint, were

proximately, directly, and solely caused by the negligent acts of third persons over whom

Defendant Langesund had and has no control.

## ELEVENTH AFFIRMATIVE DEFENSE

Any injuries that may have been sustained by Plaintiff, as alleged in its Amended

Verified Complaint, occurred as a direct result of Plaintiffs' own negligent conduct, and not by

any negligence of Defendant Langesund and as such Plaintiff is barred from recovery in this

action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff herein has failed to mitigate its damages.

## THRITEENTH AFFIRMATIVE DEFENSE

The terms of the bill of lading, tariff and/or other governing contracts between the

parties require that this matter be heard in a forum other than this Court, including but not

limited to arbitration in the City of London.

## CROSS-CLAIM AGAINST CO-DEFENDANT
## LOGISTEC CONNECTICUT, INC. and LOGISTEC USA, INC.

1.      This is a claim under the Court's admiralty and maritime Jurisdiction, and under

the Court's diversity and pendent jurisdiction.

6

2.    At all relevant Logistec Connecticut, Inc. and Logistec USA, Inc. were and are a corporations duly organized and existing pursuant to law.

3.    Defendant Atlantic Ice Carriers, B.V. is a corporation or other entity organized and existing under the laws of a foreign country.

4.    If Plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of co-defendants Logistec Connecticut, Inc. or Logistec USA, Inc.

5.    That if Defendant Atlantic Ice Carriers, B.V. is found responsible for any of the loss and/or damage alleged by Plaintiff herein, it is entitled to indemnification and/or contribution in whole or in part from the co-defendants Logistec Connecticut, Inc. and Logistec USA, Inc. for said losses and/or damage including costs and reasonable counsel fees.

WHEREFORE, Defendant Atlantic Ice Carriers, B.V. demands judgment dismissing the Amended Verified Complaint herein, along with costs, fees, including reasonable attorneys' fees and disbursements of this action, and further demands judgment against co-defendants Logistec Connecticut, Inc. and Logistec USA, Inc. for all sums which may be recovered by Plaintiff against Defendant Atlantic Ice Carriers, B.V., including costs, disbursements and legal fees incurred in defending this action and for such other, further and different relief as the Court may deem just and proper.

Dated:     October 8, 2003
           Southport, Connecticut

                              The Defendant,
                              ATLANTIC ICE CARRIERS, B.V.

                       By: _____
                              Patrick F. Lennon (PL-2162) # 11950
                              TISDALE & LENNON, LLC
                              10 Spruce Street
                              Southport, CT 06890
                              (203) 254-8474
                              (203) 254-1641 fax
                              plennon@tisdale-lennon.com

                    AFFIRMATION OF SERVICE

       Patrick F. Lennon, an attorney duly admitted to practice before this Honorable Court,

affirms that on this 8th day of October 2003, I served a copy of the foregoing ANSWER,

AFFIRMATIVE DEFENSES AND CROSS-CLAIM by first class United States Mail, postage

pre-paid, upon the following:

Frederick A. Lovejoy
Lovejoy & Associates
276 Center Road
Easton, CT 06612

S. Peter Sachner
Tyler, Cooper & Alcorn
205 Church Street,
P.O. Box 1936
New Haven, CT 06509-1910

                              _____
                              Patrick F. Lennon