## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FORTIS CORPORATE INSURANCE | ) |
| (As Subrogee of TRADE ARBED, INC.), | ) CASE NO.: 3:02CV1991 (CFD) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| M/V LANGESUND, her engines, boilers, | ) |
| tackle, appurtenances, etc., in rem, | ) |
| LANGESUND, D.A., ATLANTIC ICE | ) |
| CARRIERS, B.V., LOGISTEC | ) |
| CONNECTICUT, INC., and LOGISTEC | ) |
| U.S.A., INC. in personam, | ) |
| | ) |
| Defendants. | ) FEBRUARY 14, 2005 |

### PARTIES STATUS REPORT

A.    **Nature of Case**

1.    **Briefly describe the nature of this matter, the parties, the relief requested, and any relationship this case may have to other pending actions.**

This case involves the ocean carriage of a shipment of steel wide flange I-Beams shipped from Pasajes, Spain to New Haven, Connecticut. Plaintiffs have alleged that the cargo was shipped in good order and condition, and was thereafter discharged in damages condition. Langesund D.A. and Atlantic Ice Carriers, B.V., and the stevedores (Logistec defendants) have denied that they caused the damages alleged.

2.      **List any pending motions.**

No pending motions.   On September 15, 2004, the Court (Droney, J.)
granted defendants Langesund, D.A. and Atlantic Ice Carriers, B.V.'s
motion to stay pending arbitration and motion to dismiss cross claims of the
Logistec defendants.   It is Logistec's position that, consistent with its
response to motion to stay pending arbitration dated March 26, 2004, all of
the claims of plaintiff (i.e., the entire action) have been stayed pending
arbitration in London.  It is plaintiff's position that only those claims against
Langesund and Atlantic Ice Carriers have been stayed.  As such, the Court's
clarification on this issue is required.

3.      **Will this matter be tried to a jury or to the court?   If it will be tried
partially to each, explain.**

This matter is slated to be tried to the bench.   However, see Sec. A.2.
above.

B.   **Discovery**

1.      **Is discovery completed?  If not, how much additional time is
requested?  Will there be a request for a modification of the
Scheduling Order?  What will be the request?**

Plaintiff exchanged paper discovery prior to the ruling staying the matter
pending arbitration.  See Sec. A.2. above.  Additional discovery needs to be
completed.  Location of some witnesses may be overseas.

C.   **Settlement**

1.      **When was the last settlement conference and who conducted it?**

Not applicable.   The Court had referred the case to Magistrate Judge
Thomas Smith for a settlement conference on 2/17/04, but granted the
parties' motion for adjournment of settlement conference on 2/10/04 (in
light of the pending motion to stay).   Plaintiff requests that a settlement
conference be rescheduled.

2.      **Are there any outstanding reports due any party or the person
conducting the settlement conference?**

Not applicable.

**3.    Do the parties believe a settlement conference would be beneficial at this time.**

Plaintiff believes that a settlement conference could be useful.  Langesund and Atlantic Ice Carriers are opposed to any settlement conference in light of the court's ruling on the motion to stay pending arbitration.  Logistec takes no position on the matter.

**D.    Trial Preparation**

**1.    When will the case be ready for trial?**

The Court granted defendants Langesund, D.A. and Atlantic Ice Carriers, B.V.'s  motion to stay pending arbitration in London.  See Sec. A.2. above. Depending on the scope and outcome of arbitration, and to the extent applicable, the parties envision that the matter could be tried as early as February 2006.

**2.    What additional preparation, other than that previously discussed, is required?**

Not applicable.

**3.    Are there additional pleadings to be filed?  If so, state there nature.**

None anticipated at this time.

**4.    Has a joint trial memorandum been filed?  If not, when is it due?**

No, given the Court's ruling on the motion to stay pending arbitration.  See Sec. A.2. above.  However, any applicable joint trial memorandum would be filed following the completion of discovery.

Dated: Easton, Connecticut
February 14, 2005

LOVEJOY & ASSOCIATES
Attorneys for Plaintiff
FORTIS CORPORATE INSURANCE

BY: Frederick A. Lovejoy (CT 03121)
3695 Post Road
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

Dated:  New Haven, Connecticut
February 14, 2005

TYLER COOPER & ALCORN, LLP
Attorneys for Defendants,
LOGISTEC USA, INC. and
LOGISTEC CONNECTICUT, INC.

BY:
S. Peter Sachner (CT 13421)
205 Church Street
New Haven, Connecticut 06509-1910
(203) 784-8200
(203) 789-8069 (telefax)

Dated:  Southport, Connecticut
February 14, 2005

TISDALE & LENNON, LLC
Attorneys for Defendants,
LANGESUND, D.A. and
ATLANTIC/ICE CARRIERS, B.V.

BY: Patrick F. Lennon (CT 11950)
10 Spruce Street
Southport, Connecticut   06890
(203) 254-8474
(203) 254-1641 (telefax)

-4-

**SO ORDERED:**

_____
**United States District Judge**
**February ___, 2005**

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid to all counsel and pro se parties of record as follows on this 14th day of February, 2005:

Frederick A. Lovejoy, Esquire
Lovejoy & Associates
3695 Post Road
Southport, Connecticut 06890

Patrick F. Lennon, Esquire
Tisdale & Lennon
10 Spruce Street
Southport, Connecticut 06890

_____
S. Peter Sachner (ct 13421)