UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| FORTIS CORPORATE INSURANCE : | |
| (as subrogee of TRADE ARBED, INC.,) : | |
|     Plaintiff, : | 3:02CV1991(CFD)(TPS) |
| : | |
|     -against- : | |
| : | September 25, 2006 |
| M/V LANGESUND, her engines, boilers, : | |
| tackle, appurtenances, etc., in rem, : | |
| LANGESUND, D.A., ATLANTIC ICE : | |
| CARRIERS, B.V., LOGISTEC CONNECTICUT, : | |
| INC., and LOGISTEC U.S.A., INC. : | |
| in personam, : | |
|     Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PLAINTIFF FORTIS CORPORATE INSURANCE'S RESPONSE TO THE
COURT'S SEPTEMBER 12, 1006 ORDER TO SHOW CAUSE

Plaintiff, Fortis Corporate Insurance, hereby responds to the Court's September 12, 2006 Order to Show Cause as follows:

This action arises out of a shipment of steel from the Ukraine to Bridgeport, Connecticut. When the cargo of steel was delivered to plaintiff's insured, it was found to be damaged.

Thereafter, the cargo was surveyed by a surveyor appointed by plaintiff's insured who determined that some of the damage occurred in transit and some of the damage occurred in 1) the offloading at Bridgeport, which was performed by defendant Logistec Connecticut, Inc. and/or Logistec U.S.A., Inc. and 2) while in the custody and control of Logistec Connecticut, Inc. and Logistec U.S.A., Inc. at it's facility; i.e., in storage.

This action was commenced to seek/recover the aforementioned damages.

Thereafter, defendants Langesund, D.A., Atlantic Ice Carriers, B.V. filed a Motion to Stay this action based on an arbitration provision contained in the Charter Party that was

entered into between plaintiff's insured and Langesund, D.A. and Atlantic Ice Carriers, B.V. Logistec Connecticut, Inc. and Logistec U.S.A., Inc. were not parties to the charter party.

By Order dated September 15, 2004 (Docket. No.: 52), this Court granted defendants Langesund, D.A. and Atlantic Ice Carriers, B.V.'s Motion.

Following the above opinion, the plaintiffs elected not to go forward with the arbitration in London against Langesund, D.A. and Atlantic Ice Carriers, B.V. due to the prohibitive costs associated with such an arbitration proceeding.

As such, the claims of plaintiff, Fortis Corporate Insurance, as a result of Logistec Connecticut, Inc. and Logistec U.S.A., Inc.'s negligence and breaches, should go forward in this Court at this time as there is no arbitration proceeding/award to await the out come.

## CONCLUSION

Based on the foregoing, this litigation should proceed forthwith herein.

Dated: Easton, Connecticut
September 25, 2006

LOVEJOY & ASSOCIATES
Attorneys for Plaintiff
Fortis Corporate Insurance
(as subrogee of Trade Arbed, Inc.)

By: /S/ FREDERICK A. LOVEJOY
Frederick A. Lovejoy (CT 03121)
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

FortisResponse.doc

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent via U.S. Mail on September 25, 2006, to:

Timothy P. Jensen, Esq.
Tyler Cooper & Alcorn
205 Church Street
P.O. Box 1936
New Haven, Connecticut 06509-1910


Patrick F. Lennon, Esq.
Tisdale & Lennon
10 Spruce Street
Southport, Connecticut 06890

                                            /S/ FREDERICK A. LOVEJOY
                                            Frederick A. Lovejoy