UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FORTIS CORPORATE INSURANCE <br> (As Subrogee of TRADE ARBED, INC.), <br> <br> Plaintiff, <br> <br> v. <br> <br> M/V LANGESUND, her engines, boilers, tackle, appurtenances, etc., in rem, LANGESUND, D.A., ATLANTIC ICE CARRIERS, B.V., LOGISTEC CONNECTICUT, INC., and LOGISTEC U.S.A., INC. in personam, <br> <br> Defendants. | ) CASE NO.: 3:02CV1991 (CFD) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) OCTOBER 27, 2006 |

**DEFENDANTS LOGISTEC CONNECTICUT, INC.
AND LOGISTEC U.S.A., INC.'S RESPONSE TO PLAINTIFF'S
SHOW CAUSE RESPONSE DATED SEPTEMBER 25, 2006**

Defendants Logistec Connecticut, Inc. and Logistec U.S.A., Inc. (the "Logistec defendants") hereby respectfully submit the following response to plaintiff Fortis Corporate Insurance's Response to the Court's September 12, 2006 Order to Show Cause. As suggested by the Court and for the reasons set forth below, this matter should be dismissed.

1. In its Amended Verified Complaint dated November 18, 2002 (Docket No. 4), plaintiff alleges two causes of action, both asserted "Against All Defendants." See generally First Cause of Action "Breach of Contract and Duties Under COGSA, 46 U.S.C. §1300 et seq." and Second Cause of Action "Common Law Negligence and Breach of Bailment Obligations."

Within the Amended Complaint, plaintiff treats all defendants as one and makes no distinction between the defendants as to the various claims alleged. An example is as follows:

> At all times material hereto, Defendants M/V Langesund, D.A., Atlantic Ice Carriers, B.V., Logistec Connecticut, Inc., Logistec U.S.A., Inc. (hereinafter collectively "Defendants") each were and now are engaged in the business as a common carrier of merchandise by water for hire and/or was a warehouse or bailee with respect to the shipment which is the subject matter of this action. Defendants either owned, chartered, managed, constituted or otherwise controlled the Vessel as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, ports in the United States and foreign countries or was a bailee with respect to eh shipment which is the subject matter of this action.

Amended Complaint, ¶ 4. By lumping together the allegations against the defendants as a collection, plaintiff's claims against the Logistec defendants are by design intertwined with and indistinguishable from those claims against the other defendants.

2.   By motion dated January 26, 2004 (Docket No. 31), defendants M/V Langesund, Langesund, D.A. and Atlantic Ice Carriers, B.V. ("Langesund defendants") moved to stay this matter pending arbitration in London. The Logistec defendants did not object to the requested stay. Plaintiff did not argue in its opposition to the motion to stay, that, if any stay were to be granted, the case against the Logistec defendants should not be stayed and, moreover, that the case against the Logistec defendants would proceed.

3.   On September 15, 2004, this Court stayed (Docket No. 52 ("Ruling")) plaintiff's claims in this litigation: "the claims of the plaintiff are stayed pending arbitration in London." Under the Ruling, the arbitration in London was an understood condition that needed to be satisfied before plaintiff could reinstate its claims in this civil action.

4.   For the last two years, the Logistec defendants have treated and understood this

stay to cover all claims made by plaintiff. Moreover, over these two years, plaintiff never filed a motion challenging the application of this stay to the Logistec defendants or seeking to revive this case against the Logistec defendants.[1]

5. Plaintiff's attempt to dispense with the required arbitration and proceed against the Logistec defendants separately is contrary to the intent of the Court's Ruling. Plaintiff apparently has chosen not to arbitrate and therefore should not be allowed to reinstate the case against any of the defendants.

6. Plaintiff's unexplained two year delay in requesting that this case be reinstated further supports the position that it should be dismissed. See, e.g., Link v. Wabash Railroad Co., 370 U.S. 626, 630 (1962) ("The authority of the federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.")

The Logistec defendants therefore respectfully request that the Court dismiss this case regardless of whether plaintiff chooses to proceed with arbitration.

---

[1] Even assuming for purposes of this argument that the case is stayed only as to the Langesund defendants, plaintiff's lack of action the last two years supports the position that the case is stayed as to all defendants. At a minimum, if plaintiff truly believed that the case should proceed against the Logistec defendants during the stay, plaintiff should have continued to prosecute its case against the Logistec defendants. Indeed, once plaintiff determined that it would not arbitrate its claims in London against the Langesund defendants, whenever that decision was made, it should have filed an amended pleading solely against the Logistec defendants.

3

TYLER COOPER & ALCORN, LLP
Attorneys for Defendants,
LOGISTEC USA, INC. and
LOGISTEC CONNECTICUT, INC.


By:_____/S/_____
Timothy P. Jensen (CT 18888)
205 Church Street
New Haven, Connecticut 06509-1910
(203) 784-8200
(203) 789-8069 (telefax)
tjensen@tylercooper.com

## NOTICE OF FILING AND SERVICE

I hereby certify that on October 27, 2006, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

            /S/
          Timothy P. Jensen ct 18888
          TYLER COOPER & ALCORN, LLP
          205 Church Street
          P.O. Box 1936
          New Haven, CT 06509-1910
          Tel. No.: (203)784-8200
          Fax: (203) 789-8069
          tjensen@tylercooper.com