UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| FORTIS CORPORATE INSURANCE : | |
| (as subrogee of TRADE ARBED, INC.,) : | |
|     Plaintiff, : | 3:02CV1991(CFD)(TPS) |
| : | |
|     -against- : | |
| : | December 11, 2006 |
| M/V LANGESUND, her engines, boilers, : | |
| tackle, appurtenances, etc., in rem, : | |
| LANGESUND, D.A., ATLANTIC ICE : | |
| CARRIERS, B.V., LOGISTEC CONNECTICUT, : | |
| INC., and LOGISTEC U.S.A., INC. : | |
| in personam, : | |
|     Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REPLY OF PLAINTIFF FORTIS CORPORATE INSURANCE (AS SUBROGEE OF
TRADE ARBED, INC.) TO DEFENDANTS LOGISTEC CONNECTICUT, INC. AND
LOGISTEC U.S.A., INC.'S RESPONSE TO PLAINTIFF'S SHOW CAUSE
<u>RESPONSE DATED SEPTEMBER 25, 2006, DATED OCTOBER 27, 2006</u>

    Plaintiff Fortis Corporate Insurance (as Subrogee of Trade Arbed, Inc.) hereby submits the following as its Reply to Defendants Logistec Connecticut, Inc. and Logistec U.S.A., Inc.'s Response to Plaintiff's Show Cause Response dated September 25, 2006, dated October 27, 2006.

    The assertion of defendants Logistec Connecticut, Inc. and Logistec U.S.A., Inc. is simply not correct.

    On September 15, 2004, this Court issued a Ruling in respect to Defendants Langesund. D.A. and Atlantic Ice Carriers, B.V.'s Motion to Stay Pending Arbitration and Motion to Dismiss Cross-Claim (Docket No. 52). That Ruling only stayed the proceedings as against defendants Logistec Connecticut, Inc. and Logistec U.S.A., Inc.

    However, defendants Logistec Connecticut, Inc. and Logistec U.S.A., Inc. took the position that the aforementioned Ruling applied to them also.

Thereafter, counsel for the plaintiff and former counsel, S. Peter Sachner, for the defendants Logistec Connecticut, Inc. and Logistec U.S.A., Inc. attempted to obtain clarification from the Court in respect to its September 15, 2004 Ruling.

As a result of those queries made by both counsel for plaintiff and former counsel for defendants Logistec Connecticut, Inc. and Logistec U.S.A., Inc., S. Peter Sachner, the Court issued its Order Re: Status on January 21, 2005 (Docket No.: 53).

Thereafter, on February 15, 2005, the parties filed a Status Report (Docket No.: 54).

In the Status Report at p. 2 para. No. 2, the parties stated:

> 2. List any pending motions.
>
> No pending motions. On September 15, 2004, the Court (Droney, J.) granted defendants Langesund, D.A. and Atlantic Ice Carriers, B.V.'s motion to stay pending arbitration and motion to dismiss cross claims of the Logistec defendants. It is Logistec's position that, consistent with its response to motion to stay pending arbitration dated March 26, 2004, all of the claims of plaintiff (i.e., the entire action) have been stayed pending arbitration in London. <u>It is plaintiff's position that only those claims against Langesund and Atlantic Ice Carriers have been stayed. As such, the Court's Clarification on this issue is required.</u>

(emphasis added)

Moreover, counsel for defendants Logistec Connecticut, Inc. and Logistec U.S.A., Inc. advised that they would not engage in any additional discovery until the Court had rendered its clarification.

Thereafter, the undersigned contacted the Court to determine if it had addressed the aforementioned by the Court and was advised that the issue would be brought to the Court's attention.

Additionally, defendants former counsel, S. Peter Sachner, advised the undersigned that he had contacted the Court in order to attempt to obtain the clarification that the plaintiff

Fortis Corporate Insurance (as Subrogee of Trade Arbed, Inc.) and defendants Logistec Connecticut, Inc. and Logistec U.S.A., Inc. sought.

Defendants Logistec Connecticut, Inc. and Logistec U.S.A., Inc. assertion that plaintiffs claims are somehow tired to Langesund, D.A. and Atlantic Ice Carriers, B.V. by an umbilical cord is not correct.  A reading of all of plaintiffs Complaint clearly indicates that some of the damages sustained by plaintiffs cargo were caused onboard the vessel and other damages were caused by defendants Logistec Connecticut, Inc. and Logistec U.S.A., Inc. in the unloading, handling, and storage of the cargo while in their custody and control.

Simply put, defendants Logistec Connecticut, Inc. and Logistec U.S.A., Inc.'s current counsel's contention that the plaintiffs should have unilaterally attempted to prosecute its claims when plaintiffs and defendants had jointly agreed to seek clarification from the Court is disingenuous.

## CONCLUSION

Based on the foregoing, the Court should order that this case proceed against defendants Logistec Connecticut, Inc. and Logistec U.S.A., Inc.

Dated: Easton, Connecticut       LOVEJOY & ASSOCIATES
       December 11, 2006          Attorneys for Plaintiff
                                  Fortis Corporate Insurance
                                  (as subrogee of Trade Arbed, Inc.)


                                  By: /S/ FREDERICK A. LOVEJOY
                                       Frederick A. Lovejoy (CT 03121)
                                       P.O. Box 56
                                       Easton, Connecticut 06612
                                       (203) 459-9941
                                       (203) 459-9943 (telefax)

FortisReply.doc

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent via U.S. Mail on December 11, 2006, to:


Timothy P. Jensen, Esq.
Tyler Cooper & Alcorn
205 Church Street
P.O. Box 1936
New Haven, Connecticut 06509-1910


Patrick F. Lennon, Esq.
Tisdale & Lennon
10 Spruce Street
Southport, Connecticut 06890

/S/ FREDERICK A. LOVEJOY
Frederick A. Lovejoy